UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICARDO OLIVERA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>ED W CAMPBELL, Director of Yakima County Department of Corrections; SCOTT HIMES, Chief of the Yakima County Department of Corrections; and YAKIMA COUNTY,<br><br>Defendants. | No.  1:17-CV-3215-SMJ<br><br>**PROTECTIVE ORDER** |

Before the Court, without oral argument, is Plaintiff Ricardo Olivera Silva's Motion to Expedite and for Protective Order, ECF No. 34. Plaintiff requests that the Court enter a protective order to prevent discovery related to his immigration status.

## BACKGROUND

Plaintiff filed his complaint of December 20, 2017, alleging that Yakima County's policy and practice of placing immigration holds on persons detained in Yakima County Jail on the basis of Form I-200s resulted in his being detained without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizures. ECF No. 1 at 9–10.

ORDER - 1

The parties have exchanged written discovery, and Defendants have noted Plaintiff's deposition for June 19, 2018. ECF No. 35 at 2. Through their written discovery, Defendants requested Mr. Olivera's addresses for the past ten years and the names and addresses of all employers for the past ten years. *Id.* Mr. Olivera did not provide any information related to employers, but provided the names of the towns where he has lived in the United States from 2014 to present. *Id.* Counsel for Plaintiff and Defendants conferred on May 24, 2018. Plaintiff's counsel advised Defendants that Plaintiff would seek a protective order related to the specific address and employment information requested in the written discovery. She also advised that Plaintiff would seek to protect against questions related to Mr. Olivera's immigration status during the deposition.

**DISCUSSION**

**A.      Meet and Confer Requirement**

Federal Rule of Civil Procedure 26 permits a party from whom discovery is sought to seek a protective order. As a prerequisite to judicial intervention, the movant must certify that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's counsel, Lori Jordan Isley, certified that she conferred with Defendants' attorney, Quinn Plant, on May 24, 2018, but

was unable to resolve the dispute. ECF No. 35 at 3. The Court therefore finds that the parties have satisfied the meet and confer requirement.

**B.     Motion for Protective Order**

Plaintiff seeks a protective order prohibiting Defendants from inquiring into (1) Plaintiff's past employment history and addresses for the past ten years, and (2) any matters related to Plaintiff's immigration status. Defendants have not responded to the motion.

Rule 26(c) permits the Court to enter a protective order when the party seeking the order establishes good cause for protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." The burden of persuasion is on the party seeking the protective order to show good cause by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004). "If a court finds a particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel Estates of Byrd. V. Gen. Motors. Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The harm in disclosing Plaintiff's immigration status is significant. Regardless of Plaintiff's own immigration status, requiring a plaintiff to disclose his immigration status will likely deter individuals from coming forward regarding

ORDER - 3

immigration-related due process issues such as this. This chilling effect is a real and substantial harm. *See Rivera*, 364 F.3d at 1065.

Moreover, Defendants have not established how this information is relevant to the substance of Plaintiff's claims. Whether Plaintiff was legally present in the United States when he was detained by the Yakima Police Department does not affect whether the Form I-200 provided a legitimate basis to prolong his detention. The issue is not whether the facts alleged in the Form I-200 were true, but whether the form provided probable cause to detain Plaintiff after he posted bail.

The written discovery Defendants seek regarding Plaintiff's address and employment history over the past decade is likewise unnecessary. Although Plaintiff's complaint claims "damages arising from Defendants' unlawful detention in an amount to be proven at trial," ECF No. 1 at 11, Plaintiff has advised Defendants that this sum does not include damages for lost wages, ECF No. 35 at 1. Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Expedite and for Protective Order, **ECF No. 34**, is **GRANTED**.

2. Defendants shall not inquire—through written discovery or in depositions—about the immigration status of Plaintiff or any other witness in this case. This includes, but is not limited to: place of birth, national origin, immigration documents, passports, visas, social security numbers or statements, tax identification numbers or other tax information, status of immigration proceedings, and information regarding entry into the United States.

3. Defendants are further prohibited from seeking addresses and past employment information from Plaintiff or any other witness in the case. This restriction does not apply to information necessary to establish foundation for a witness's expertise or basis of knowledge.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 5th day of June 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge